UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

Civil Action No. _____

JAMES BEST                                                                                          PLAINTIFF


VS.                                          **COMPLAINT**


KEVIN MCINTOSH, Individually and in his
Official Capacity as an Employee of the
Kentucky Transportation Cabinet
200 Mero Street
Frankfort, Kentucky 40622

DALE DEATON, Individually and in his
Official Capacity as an Employee of the
Kentucky Transportation Cabinet
200 Mero Street
Frankfort, Kentucky 40622

RAYMOND MORSE, Individually and in his
Official Capacity as an Employee of the
Kentucky Transportation Cabinet
200 Mero Street
Frankfort, Kentucky 40622

and

ELIZABETH MILLER, Individually and in her
Official Capacity as an Employee of the
Kentucky Transportation Cabinet
200 Mero Street
Frankfort, Kentucky 40622                                                        DEFENDANTS

****************

Comes the Plaintiff, James Best ("Best"), by and through counsel, and for his complaint

states as follows:

1

**INTRODUCTION**

This is a civil action for damages for violation of the Constitutional rights of James Best by the Defendants, acting under color of state law, which resulted in substantial physical injuries.   In addition, the Plaintiff alleges that the Defendants violated state law, proximately causing Plaintiff's injuries.

Plaintiff brings the federal Constitutional claims pursuant to 42 U.S.C. §1983 and the supplemental state law claims pursuant to KRS Chapter 344, the Kentucky Civil Rights Act, and Kentucky common law.

Plaintiff asserts that the Defendants violated Best's rights secured by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as well as Chapter 344 of the Kentucky Revised Statutes, by subjecting Plaintiff to routine beatings resulting in unreasonable seizure, deprivation of liberty and violation of his free speech rights by retaliating against him when he reported the violations. Plaintiff also alleges that the Defendants are liable under Kentucky common law for damages for assault and battery, false imprisonment, retaliation, negligence, and gross negligence.

**JURISDICTION AND VENUE**

1.       This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, actionable by virtue of 42 U.S.C. §1983.   In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.       Venue is appropriate in this Court pursuant to 28 U.S.C §1391.

**PARTIES**

3.       Plaintiff Best is a resident of Lee County, Kentucky and is currently employed as an

2

Operator II at the Kentucky Transportation Cabinet ("Cabinet") Office located in Beattyville, Lee County, Kentucky.

4.    Defendant McIntosh ("McIntosh") is employed by the Cabinet as a Superintendent II, and assigned to the maintenance crew at the Cabinet's District 10 office located in Beattyville, Lee County, Kentucky.

5.    Defendant Deaton ("Deaton") is employed by the Cabinet and is assigned to the maintenance crew at the Cabinet's District 10 office located in Beattyville, Lee County, Kentucky.

6.    Defendant Morse ("Morse") is employed by the Cabinet and is assigned to the maintenance crew at the Cabinet's District 10 office located in Beattyville, Lee County, Kentucky.

7.    Defendant Miller ("Miller") is an Administrative Coordinator assigned to the Cabinet's District 10 office located in Beattyville, Lee County, Kentucky.

## FACTS

8.    Best started his employment with the Kentucky Transportation Cabinet on February 1, 2013.

9.    Defendants Miller and McIntosh both are empowered by the Cabinet to be supervisors of Plaintiff Best and Defendants Deaton and Morse.

10.    Defendant Miller is tasked with the responsibility of approving and arranging for the transfer of employees to other work sites within the Cabinet.

11.    Best was subjected by Defendants McIntosh, Deaton, and Morse to a bizarre series of physical and sexual attacks while performing his work for the Cabinet.

12.    Specifically, in April, 2013 the Defendant Morse bear hugged Best at the District 10 office in Beattyville, causing one or more of Best's ribs to crack.

3

13.     Following the incident described above, Best reported the attack to his Supervisor, McIntosh. McIntosh was recklessly indifferent to Best's complaints of assault, and did not discipline Defendant Morse.

14.     On May 20, 2013, Defendant McIntosh, Best's supervisor, assaulted Best at Bear Track Park in Lee County. Specifically, McIntosh placed Best on a child's merry-go-round at the park at which time the McIntosh karate chopped Best in the testicles, causing Best to fall off the merry-go-round and nearly vomit while writhing in pain on the ground.

15.     While Best was writhing on the ground in severe pain, Defendant Best made derogatory remarks about him. When he had recovered, Best told McIntosh to never touch him again, at which time McIntosh responded that if he did not like it, he could leave his employment.

16.     During June, 2013, Defendant McIntosh utilized a high pressure hose to cause debris and gravel to come in contact with Best's body, causing injuries to his head.

17.     On September 26, 2013, Defendant Deaton intentionally threw a traffic cone at Best while he was sitting in the back of a truck stacking cones, striking him in the face and causing an abrasion, swelling, and bruising.

18.     The following day, Best contacted Defendant Miller, Administrator/Coordinator with the Cabinet's District 10 and reported the series of assaults and battery he had received at the hands of his fellow employees and his supervisor.

19.     Best requested of Defendant Miller that he be transferred to another work crew so he would not have to work in the vicinity of the Cabinet employees who had previously harmed, mistreated, assaulted, and harassed him. Best's request to be transferred was denied. In failing to transfer Best, Defendants Miller and McIntosh acted with reckless indifference to his physical well

4

being.

20.     Presently, Best is still required to work in close proximity with Defendants McIntosh, Deaton, and Morse.

21.     Best has received a copy of the Kentucky Transportation Cabinet Office of Inspector General Report of Investigation ("OIG Report"), which is attached as Exhibit A to this Complaint.   The OIG Report documents some but not all of the abuse that Best and other employees received. Best has been indirectly advised that the Defendants McIntosh, Morse, and Deaton have all received some type of discipline as a result of their actions toward Best and others.

22.     During the attacks described above, Best was physically seized, harmed, and mistreated, and the Defendants, McIntosh, Deaton, and Morse had an unconstitutional pattern and practice of assaulting and humiliating employees, all of which was tolerated by Best's supervisors as set forth above.

## COUNT I

### (Violation of 4th Amendment Rights Against Defendants McIntosh, Deaton and Morse)

Paragraphs 1 through 22 are hereby incorporated by reference as if fully set out herein.

23.     The actions described above resulted in a violation of Best's rights secured by the 4th Amendment to the United States Constitution in that Best's supervisor, McIntosh, and fellow employees, Deaton and Morse, "seized" him, preventing him from escaping the serious physical abuse and degradation they heaped upon him.

24.     As a result of the violation of his 4th Amendment rights by said Defendants, Best suffered serious physical injuries as well as humiliation and embarrassment, for which he should be awarded compensatory damages in an amount deemed reasonable by this Court.

5

25.     The actions of the Defendants, described above, were wanton and willful, therefore entitling Best to an award of punitive damages against said Defendants.

## COUNT II

**(Violation of 8th Amendment Rights Against Defendants
McIntosh, Deaton and Morse)**

Paragraphs 1 through 25 are hereby incorporated by reference as if fully set out herein.

26.     The actions described above resulted in a violation of Best's rights secured by the 8th Amendment to the United States Constitution to be free from cruel and unusual punishment in that Best's supervisor, McIntosh, and fellow employees, Deaton and Morse, punished him by physical abusing him while on the job with the Cabinet.

27.     As a result of the violation of his 8th Amendment rights by said Defendants, Best suffered serious physical injuries as well as humiliation and embarrassment, for which he should be awarded compensatory damages in an amount deemed reasonable by this Court.

28.     The actions of the Defendants, described above, were wanton and willful, therefore entitling Best to an award of punitive damages against said Defendants.

## COUNT III

**(Violation of 14th Amendment Liberty Rights Against Defendants
McIntosh, Deaton and Morse)**

Paragraphs 1 through 28 are hereby incorporated by reference as if fully set out herein.

29.     The actions described above resulted in a violation of Best's rights secured by the 14th Amendment to the United States Constitution in that Best was deprived of his liberty rights without due process of law.

30.     Best's supervisor, McIntosh, and fellow employees, Deaton and Morse, caused

6

Best to be deprived of liberty when they heaped serious physical abuse and degradation upon him.

31.    As a result of the violation of his 14th Amendment rights by said Defendants, Best

suffered serious physical injuries as well as humiliation and embarrassment, for which he should

be awarded compensatory damages in an amount deemed reasonable by this Court.

32.    The actions of the Defendants, described above, were wanton and willful, therefore

entitling Best to an award of punitive damages against said Defendants.

### COUNT IV

**(Violation of 1st Amendment Rights Against
Defendants McIntosh, Deaton, and Miller)**

Paragraphs 1 through 32 are hereby incorporated by reference as if fully set out herein.

33.    The actions described above resulted in a violation of Best's rights secured by the

1st Amendment to the United States Constitution in that Best's supervisors, McIntosh and Miller,

retaliated against him for reporting the abuse, by preventing him from being transferred away from

the dangerous environment to which he was subjected.

34.    As a result of exercising his rights to Freedom of Speech, guaranteed by the 1st

Amendment, and complaining to the Defendant McIntosh about the first incident of physical

abuse, the physical assaults that were occurring in the workplace against him by Defendants

McIntosh and Deaton increased with intensity in retaliation for the Plaintiff reporting the physical

abuse.

35.    As a result of the violation of his 1st Amendment rights by said Defendants, Best is

forced to work in fear of serious physical injuries being heaped upon him by the perpetrators of the

acts described above.

36.    Best is entitled to award of compensatory damages for the violation of his rights

secured by the 1st Amendment in an amount deemed reasonable by this Court.

## COUNT V

### (State Law Claims Against All Defendants)

Paragraphs 1 through 36 are hereby incorporated by reference as if fully set out herein.

37.     The actions described above constitute violations of Chapter 344 of the Kentucky Revised Statutes, for which Best should be awarded compensatory damages against all Defendants in an amount deemed reasonable by this Court.

38.     The actions described above constitute assault and battery, false imprisonment, negligence, and gross negligence under Kentucky common law, for which Best should be awarded compensatory damages in an amount deemed reasonable by this Court against Defendants McIntosh, Deaton and Morse.

39.     The actions of the Defendants, McIntosh, Deaton and Morse, described above, were wanton and willful, therefore entitling Best to an award of punitive damages under state law against said Defendants.

## COUNT VI

### (Injunctive Relief For Violation Of 42 U.S.C. § 1983)

Paragraphs 1 through 39 are hereby incorporated by reference as if fully set out herein.

40.     The policy and practice of the Cabinet's District 10 maintenance division was to condone and tolerate the unconstitutional beatings and assaults of employees, which resulted in serious physical injuries to Plaintiff Best and other employees.

41.     Best is entitled to injunctive relief requiring the Cabinet to order its District 10 employees to cease and desist from such despicable behavior described above.

42.     Best is further entitled to temporary and permanent injunctive relief requiring the Cabinet to place him on the District 10 bridge crew, or other suitable employment, away from his abusers.

43.      At all times relevant hereto, the Defendants were persons acting under color of state law within the meaning of 28 U.S.C. § 1983 and are amenable to suit for prospective injunctive relief.

## **COUNT VII**

### **(Declaratory Judgment)**

44.     Paragraphs 1 through 43 are hereby incorporated by reference as if fully set out herein.

45.     A defined and concrete controversy of a justiciable nature exists between Plaintiffs and the Defendants concerning the constitutionality of the Defendants' conduct described herein, including the policy of the Cabinet's District 10 supervisors condoning the abuse heaped upon employees of the maintenance crew by supervisors and fellow workers.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Court should determine Plaintiffs and Defendants' rights and legal relations and declare the conduct and policy described herein a violation of the United States Constitution.

WHEREFORE, the Plaintiff seeks relief as follows:

1.     Judgment against the Defendants McIntosh, Deaton, and Morse in their individual capacities, jointly and severally, including an award of compensatory damages in an amount deemed sufficient by the Court, for violation of Plaintiff's Constitutional rights guaranteed by the 4th, 8th, and 14th Amendments to the United States Constitution, and the resulting pain, suffering,

9

embarrassment, and humiliation.

2.      Judgment against the Defendants McIntosh and Miller in their individual capacities, jointly and severally, including an award of compensatory damages in an amount deemed sufficient by the Court, for violation of Plaintiff's Constitutional rights guaranteed by the 1st Amendment to the United States Constitution.

3.      Punitive damages against Defendants McIntosh, Deaton, and Morse sufficient to punish them for their unconstitutional conduct and to deter Defendants and others in similar positions from like conduct in the future.

4.      Judgment against Defendants McIntosh, Deaton, and Morse in their individual capacities, jointly and severally, including an award of compensatory damages in an amount deemed sufficient by the Court, for violation of Plaintiff's state law rights described above.

5.      Punitive damages against Defendants McIntosh, Deaton, and Morse sufficient to punish them for their conduct in violation of state law and to deter Defendants and others in similar positions from like conduct in the future.

6.      Temporary and permanent injunctive relief against Defendants McIntosh and Miller, in their official capacities requiring them to order that the deplorable conduct described in this Complaint cease and desist, and further requiring them to provide employment to Plaintiff within District 10 at which he does not have to work side by side with his abusers, including Defendant McIntosh.

7.      Trial by jury on all issues so triable.

8.      Attorney fees and costs incurred in prosecuting this action pursuant to 42 U.S.C. 1988.

9.      Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,


/s/ Ned Pillersdorf
PILLERSDORF, DEROSSETT & LANE
124 West Court Street
Prestonsburg, Kentucky 41653
Telephone: (606) 886-6090

/s/ Joe F. Childers
JOE F. CHILDERS
JOE F. CHILDERS & ASSOCIATES
The Lexington Building
201 West Short Street
Suite 300
Lexington, Kentucky   40507
Telephone: (859) 253-9824
Facsimile:   (859) 259-1909
childerslaw81@gmail.com

/s/ John Rosenberg
PILLERSDORF, DEROSSETT & LANE
124 West Court Street
Prestonsburg, Kentucky 41653
Telephone: (606) 886-6090


COUNSEL FOR PLAINTIFF
JAMES BEST

11